IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY TURNER,

        Petitioner,

                                    CIVIL ACTION
  vs.                             No. 11-3016-SAC

KANSAS DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner's motion to request discovery (Doc. 4), respondents' motion for an extension of time to file answer (Doc. 16), and petitioner's motion for release on bond (Doc. 18).

Petitioner's request for discovery (Doc. 4) seeks the production of the records of "hundreds of ... inmates" to support his claim that other, similarly-situated prisoners have been treated more favorably in the execution of sentence.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). However, "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are

fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy,* 520 U.S. at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)).

Here, the court finds no adequate showing that the discovery petitioner seeks is necessary. However, the court will allow petitioner to renew the request after the responsive pleading has been filed. If petitioner elects to do so, he must set forth the specific need for the discovery.

Respondents move for an extension of time to and including August 6, 2011. The court finds sufficient cause is shown for the request and will grant the extension.

Finally, petitioner moves for release on bond pending the resolution of this matter. A federal court may grant such release to a petitioner during the pendency of a federal habeas corpus action. *Pfaff v. Wells,* 648 F.2d 689, 693 (10th Cir. 1981). However, a petitioner seeking such release must establish "exceptional circumstances" or "a clear case on the merits of the habeas petition." *Id*.

The court does not find a sufficient showing on the present record. Petitioner supports his request with three pages of Kansas correctional records showing his sentences and a Missouri

detainer, and a January 14, 2009, statement from an employee of the Kansas Department of Corrections that reads:

> Had Turner been convicted of a new crime in Kansas while on parole and said sentence was ordered to run consecutive to the indeterminate sentence, the indeterminate sentence may have been considered inactive once he was paroled to the new Kansas sentence. (Doc. 18, Ex. 6.)

This material, however, does not suggest to the court that petitioner has a clear right to immediate relief or that this matter presents extraordinary circumstances. Accordingly, the court declines to release petitioner on bond pending the resolution of this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for discovery (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED respondents' motion for an extension of time (Doc. 16) is granted to and including August 6, 2011.

IT IS FURTHER ORDERED petitioner's motion for release on bond (Doc. 18) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of July, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge