IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RODNEY TURNER,

                    Petitioner,

            v.                          CASE NO. 11-3016-SAC

KANSAS DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.


MEMORANDUM AND ORDER

Summary

    This matter is a petition for habeas corpus filed pursuant to
28 U.S.C. § 2241.  Petitioner, a prisoner in the custody of the
Kansas Department of Corrections, was released from a pre-1993
Kansas sentence on conditional release and moved to Missouri, where
he later committed a new offense.  His Kansas parole was revoked as
a result of the new criminal conduct.  Following release from
custody in Missouri, he was returned to Kansas to serve his original
Kansas sentence to its expiration.  In this action, he seeks relief
from an application of Kansas law that requires him to serve his
full sentence, contending a proper interpretation of the law would
allow its early termination.  Finding the decision involves a
question of state law interpretation, and that petitioner has not
made a persuasive argument for relief on due process or equal

protection grounds, the court denies habeas corpus relief.

**Background**

In 1991, petitioner was convicted in the District Court of Wyandotte County, Kansas, of aggravated robbery.  He was sentenced to an indeterminate prison term of 8 to 25 years.  The conviction was affirmed on appeal. *State v. Turner*, No. 67,223, unpublished opinion, (Kan. Ct. App., October 23, 1992). The execution of that sentence gave rise to the present habeas corpus action.

In determining petitioner's state court post-conviction action challenging the execution of his sentence, the Kansas Court of Appeals (KCOA) summarized the rather complicated factual and procedural histories as follows:

> Turner is an inmate at the Lansing Correctional Facility.  He filed a pro se petition for writ of habeas corpus pursuant to K.S.A. 60-1501 in Leavenworth County.
>
> The appellate record indicates there was a related action below.  Turner's petition described ... a K.S.A. 60-1501 action against the KPB and the Kansas Department of Corrections (KDOC) filed in Shawnee County.  Turner alleged that in this action he had similarly contested "the legality of detainer for the parole hold." This case was later transferred to Leavenworth County, and the parties began designating their filings with two separate case numbers.
>
> In any event, Turner's counsel moved to consolidate the two K.S.A. 60-1501 cases for appeal after the district court ruled adversely against Turner in both cases.  The district court granted the consolidation motion, but the cases were docketed separately in the Court of Appeals and assigned to different panels for decision.  The companion case is *Turner v. Kansas Dept. of Corrections*, no. 102, 955, unpublished opinion filed July 30, 2010.
>
> The appearance docket shows the district court held a hearing at which Turner appeared with counsel....
>
> The district court's journal entry does not

memorialize its findings of fact.  As a result, we turn to
the parties' pleadings.   Turner alleged the following in
his pro se petition:

> "1.) [Turner] was paroled December 7, 2004 by
> the [KPB] from his old ... Kansas sentence
> (crime committed prior to July 1, 1993) while
> on conditional release in the State of Missouri
> pursuant to K.S.A. 22-3717(f) release
> procedures

> "2.) While on supervision for Missouri February
> 2007 [sic] [Turner's] parole was revoked and
> Missouri authorities ordered [him] to serve the
> remainder of his sentence.

> "3.) January 2, 2009 [Turner] was extradited to
> Lansing Corr. Facility for parole violation of
> the old law Kansas sentence case no. 90 CR
> 1791B.

> "4.) February 3, 2009 [Turner] was interviewed
> by one member of the [KPB].  February 18, 2009
> [Turner] received the final notice of action by
> the [KPB] which stated that [his] parole was
> revoked and passed until 2012."

In a motion to dismiss, the KPB and KDOC alleged the
following:

> "[Turner] was originally incarcerated for a
> conviction of aggravated robbery in 1990 and
> sentenced to an indeterminate sentence of 8 to
> 25 years, case number 90 CR 1719B.

> "On April 4, 2003, the [KPB] released [Turner]
> on Conditional Release, pursuant to K.S.A. 22-
> 3718.

> "On December 2, 2004, the [KPB] conducted a
> revocation hearing, based on the Missouri case,
> which amounted to a violation of his
> conditional release. [Turner] was paroled to a
> pre-approved plan.  The parole decision was
> amended on February 17, 2005, to reflect that
> [Turner] was actually paroled to detainer, that
> is, to the State of Missouri based on his
> conviction in case number 16 CR 04000170-01.
> As stated in Exhibit E, 'It is ordered that the
> inmate...remain within the limits fixed by [the
> KPB] and the [KSOC] or its authorized agent

3

until 10/05/2015, the date of the expiration of
the maximum term or terms of sentence.'

"[Turner] was released from Missouri custody on
or about August 17, 2006.  KDOC and the State
of  Missouri  entered  into  a  supervision
agreement, pursuant to the Interstate Compact
for Adult Offender Supervision, K.S.A. 22-4110,
authorizing Missouri to supervise [Turner].

"[Turner] was then arrested on January 30,
2007, in Missouri on assault charges.

"On April 25, 2007, KDOC issued a warrant for
[Turner's] arrest based on [his] violation of a
condition of his release.

"On February 17, 2009, the [KPB] conducted a
hearing concerning [Turner's] parole status.
The  Board  determined  that  [Turner]  violated
five conditions of his parole, stemming from
the January 2007 Missouri arrest.  As a result
of the hearing, the [KPB] revoked [Turner's]
parole and passed him until 2012."

The  factual  statements  were  generally  consistent,  and
Turner's  counsel  explicitly  agreed  with  the  factual
statement  by  the  KPB  and  KDOC  that  Turner  was
conditionally  released  in  2003,  not  placed  on  parole  as
Turner  stated  in  the  pro  se  petition.   We  will  follow  the
agreement of counsel.

Turner  maintained  in  his  pro  se  petition  that  the  KPB
"lost  jurisdiction  over  the  old  law  Kansas  sentence
February 17, 2005 once [he] was release [sic] to the State
of  Missouri  to  begin  serving  his  new  sentence."  Turner
based  this  on  K.S.A.  22-3717(f),  the  provisions  of  which
he characterized as follows:

"If a person is sentenced to prison for a crime
committed after July 1, 1993, while on parole
for a crime committed prior to July 1, 1993,
the  person  shall  serve  any  or  all  of  the
remainder  of  the  old  sentence  prior  to  being
released to serve the new sent[ence]."

Given  his  interpretation  of  K.S.A.  22-3717(f),  Turner
argued  that  "once  released  to  serve  the  new  sentence ...
all supervision is governed by the new sentence. The old
sentence is considered satisfied."

Second, Turner argued, in much less detail, that "even if" the KPB and KDOC has "jurisdiction to reactivate the Kansas sentence," they had failed to "provide [him] with a preliminary probable cause hearing once he was returned to Kansas pursuant to" *Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972).

Third, Turner claimed the KPB "did not give [him] no reasons [sic] whatsoever in writing on why he was denied parole," contrary to K.S.A. 22-3717(j).

The KPB and KDOC filed a motion to dismiss.  With respect to Turner's first issue, they argued K.S.A. 22-3717(f) "only applies when an inmate is convicted of a new crime in the State of Kansas."

With regard to Turner's second issue, the KPB and KDOC maintained Turner "was provided such a hearing on February 8, 2007, by Missouri officials because [he] was being supervised by Missouri per the Interstate Compact." The KPB and KDOC attached documents from Missouri recording these proceedings.

With regard to Turner's third issue, the KPB and KDOC argued K.S.A. 22-3717(j) was inapplicable. "[Turner] confuses his revocation hearing to a parole eligibility hearing.  K.S.A. 22-3717(j) applies only to parole eligibility hearings, not parole revocation hearings." The KPB and KDOC pointed out that under K.S.A. 75-5217(b), "[t]he revocation statute does not require the [KPB] to state in writing the reasons for its decision."

Turner's counsel filed a response to the motion to dismiss. On the first issue, counsel argued the plain language of K.S.A. 22-3717(f) did not exclude its application to non-Kansas crimes. Counsel then essentially restated Turner's pro se argument: "Because [Turner's] Missouri crime is a crime for purposes of K.S.A. 22-3717(f), the [KPB] did not have authority to revoke [Turner's] parole while he was serving the controlling Missouri release period. [Turner] was not subject to the terms of his 1990 sentence."  Turner's counsel did not address Turner's second and third issues.

In its journal entry, the district court rejected Turner's arguments.

"This court, upon review of K.S.A. 22-3717(f) as it exists now, provides that a new sentence for a new crime shall not be aggregated with the old sentence, but shall begin when the person is paroled under the new sentence; further

that the new sentence will be served as otherwise provided
by law.

"As far as this court can see, while a person is on parole
for a Kansas sentence and is away from Kansas and commits
another crime and is sentenced to serve time in that other
state, that hardly can terminate the parole still existing
in Kansas. Further there is no way to aggregate the other
state's sentence or deny the aggregation of a sentence as
the person is not in the custody of the [KDOC].

"Thus when [Turner] left Kansas and committed the crime in
Missouri, that does not alter the terms of his Kansas
sentence nor does it satisfy the sentence. [Turner's]
parole was extended to 2015 as provided for under Kansas
law; a hearing was properly held and his parole was
revoked; the contention that he was not provided a
*Morrissey* hearing is not supported by the record; the
parole board was not required to provide rationale for the
decision to revoke parole under K.S.A. 75-5217(b) in
contrast to K.S.A. 22-3717(j) where in the parole board
shall '...notify in writing the reasons for not granting
parole.'

"Further [Turner] has failed to offer anything suggesting
arbitrary or capricious conduct; the only suggestion is
his allegation that the [KPB] failed to follow his
interpretation of the law, which this court is ruling
unfavorably to him." *Turner v. Kansas Department of
Corrections et al.*, 2010 WL 3063172, *1-4 (Kan. Ct. App.,
July 30, 2010)(Unpublished Opinion).


## Discussion

The petitioner properly seeks relief pursuant to § 2241 to

challenge the execution of his sentence. *See Davis v. Roberts,* 425

F.3d 830, 833 (10th Cir. 2005).   Under 28 U.S.C. § 2241(c)(3), a

district court may grant habeas corpus relief when the petitioner is

"in custody in violation of the Constitution or laws or treaties of

the United States."

"A motion pursuant to § 2241 generally ... [includes] such

matters as the administration of parole, computation of a prisoner's

sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D.Colo. July 30, 2008)(quoting *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001)).

**Standard of review**

While there is no clear statement in the Tenth Circuit concerning the appropriate standard of review for a petition under §2241 brought by a state prisoner, the Tenth Circuit has applied the standard set out in the Antiterrorism and Effective Death Penalty Act (AEDPA) to petitions filed by state prisoners challenging the execution of their sentences. *See Lowe v. Dinwiddie*, 163 Fed. Appx. 747, 748 (10th Cir. Jan. 6, 2006)(applying AEDPA standard to challenge to revocation of suspended sentence and the imposition of that sentence); *Lynch v. O'Dell*, 163 Fed. Appx. 704, 706 (10th Cir. Jan. 18, 2006)(unpublished order)(applying AEDPA to claim that insufficient evidence supported revocation of state sentence).

While the underlying petitions in those cases were filed pursuant to 28 U.S.C. § 2254 and were decided without comment upon that characterization, there is authority in the Tenth Circuit that habeas corpus challenges to the execution of a sentence should be brought pursuant to § 2241. *See, e.g., Hamm v. Saffle*, 300 F.3d 1213 (10th Cir. 2002)(construing state prisoner's habeas corpus challenge to his removal from pre-parole conditional supervision program as an action under §2241) and *Montez v. McKinna,* 208 F.3d

862, 865 (10th Cir.2000)(stating an "action is properly brought under § 2254 as a challenge to the validity of [the petitioner's] conviction and sentence or pursuant to §2241 as an attack on the execution of his sentence").

In light of these cases, the court applies the AEDPA standard in its review of this matter. Under the AEDPA, a petitioner is entitled to relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The federal habeas court must presume the state court's factual findings are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." *Id.* §2254(e)(1).

The court construes the petition to challenge the interpretation of state law and to assert due process and equal protection challenges to the execution of petitioner's Kansas state sentence.

*Interpretation of state law*

Petitioner's first claim arises from his interpretation of K.S.A. 22-3717(f). That statute states:

> If a person is sentenced to prison for a crime committed
> on or after July 1, 1993, while on probation, parole,
> conditional release or in a community corrections program,
> for a crime committed prior to July 1, 1993, and the
> person is not eligible for retroactive application of the
> sentencing guidelines and amendments thereto pursuant to
> K.S.A. 21-4724, and amendments thereto, the new sentence

shall not be aggregated with the old sentence, but shall
begin when the person is paroled or reaches the
conditional release date on the old sentence.  If the
offender was past the offender's conditional release date
at the time the new offense was committed, the new
sentence shall not be aggregated with the old sentence but
shall begin when the person is ordered released by the
Kansas parole board or reaches the maximum sentence
expiration date on the old sentence, whichever is earlier.
The new sentence shall then be served as otherwise
provided by law.  The period of postrelease supervision
shall be based on the new sentence, except that those
offenders whose old sentence is a term of imprisonment for
life, imposed pursuant to K.S.A. 21-4628 prior to its
repeal, or an indeterminate sentence with a maximum term
of life imprisonment, for which there is no conditional
release or maximum sentence expiration date, shall remain
on postrelease supervision for life or until discharged
from supervision by the Kansas parole board.

Petitioner interprets this statute to require the finding that
his 1991 Kansas indeterminate sentence was satisfied upon his
commencement of the new Missouri sentence.

The Kansas Court of Appeals (KCOA), as noted, ruled (1) that
the statute was inapplicable to sentences entered in different
jurisdictions, (2) that the statute "determines *only the start of
the new sentence*, leaving the term of the old indeterminate sentence
untouched and unaffected", 2010 WL 3063172 at *5 (emphasis in
original), and (3) that while the statute states that the "period of
postrelease supervision" is "based on the new sentence", Turner was
ineligible for postrelease supervision, which is applicable only to
crimes committed in Kansas on or after July 1, 1993.  The court
stated:

Unlike postrelease supervision, where an inmate "has
already completed the prison portion of the sentence
before being released," an inmate on parole (and
conditional release) "is subject to serving out the
remainder of his or her prison sentence upon a violation

and subsequent revocation of parole status." (Citation omitted.) That is what happened here.  2010 WL 3063172 at *6.

That ruling is binding on this court. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

The Kansas appellate courts interpreted the state law provision in a manner that is not favorable to the petitioner, and that determination is binding upon this court.  The court therefore must reject petitioner's challenge to the execution of his Kansas sentence and the alleged impact of the new criminal sentence imposed in Missouri.

*Due process claim*

"The threshold requirement [for stating a due process claim] is a sufficient allegation by the plaintiff that the plaintiff possesses a liberty or property interest." *Doyle v. Okla. Bar Ass'n,* 998 F.2d 1559, 1570 (10th Cir.1993).

In Kansas, however, "[p]arole itself is a matter of grace and amounts to a privilege rather than a right." *Trumbly v. Roberts,* 248 P.3d 784, *2(Kan.App.2011)(unpublished)(citing *Gilmore v. Kansas Parole Bd.,* 756 P.2d 410 (Kan. 1988)).

Next, the statute was not applied in a way that improperly

extends the petitioner's sentence, and the petitioner's subsequent Missouri conviction and sentence did not reduce or nullify the petitioner's obligation to the State of Kansas.  The court finds no basis to grant relief on due process grounds.

*Equal protection challenge*

Petitioner also claims he is denied equal protection by his continued incarceration, claiming that similarly-situated prisoners have received relief from earlier sentences.

Petitioner is not entitled to relief on this claim.  First, a review of the state court records from the District Court of Leavenworth County, Kansas, reveals that petitioner did not assert such a claim of equal protection in the state courts.  Rather, in Case No. 09cv248, he alleged the Kansas Parole Board had no authority to revoke his parole for the 1991 indeterminate sentence because his pre-guideline sentence had been completed.  Likewise, in Case No. 09cv146, petitioner alleged the Kansas Parole Board lost jurisdiction over him on February 17, 2005, when he was released to the State of Missouri to begin service of his new sentence, that the Board failed to provide him with a preliminary probable cause hearing pursuant to *Morrissey v. Brewer*, 408 U.S. 471 (1972), upon his return to Kansas, and that the Board failed to provide written reasons for the denial of parole.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000)(citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  Petitioner did not present

this argument to the state courts, and this court finds no basis to allow him to pursue that claim in the present action.

Finally, to the extent petitioner seeks discovery to pursue the new claim, his request must be denied.  An applicant for habeas corpus relief is not entitled to pursue discovery in the ordinary course. *Curtis v. Chester,* 626 F.3d 540, 549 (10th Cir.2010). Instead, where a petitioner shows good cause for a discovery request by making specific allegations, the court may allow appropriate discovery. *Id.* (citing *Bracy v. Gramley,* 520 U.S. 899 (1997)).

Here, not only has petitioner failed to exhaust his equal protection claim in the state courts, he has made no showing that the discovery he seeks would establish that the other inmates were similarly-situated.  Petitioner does not argue those persons were convicted of a crime in a jurisdiction outside Kansas and then received the sentence reduction to which petitioner believes he is entitled.

### Conclusion

The court has carefully considered the petitioner's claims and concludes he is not entitled to habeas corpus relief.  The state court's determination of state law is binding on this court, and there is no basis for relief on either due process or equal protection grounds.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED respondents' motion for an extension of time (Doc. 20) is granted.

IT IS FURTHER ORDERED petitioner's motion to compel a response (Doc. 21) is denied as moot.

IT IS FURTHER ORDERED petitioner's motion to compel discovery (Doc. 25) is denied.

IT IS FURTHER ORDERED petitioner's motion to amend and supplement the traverse with additional authorities (Doc. 26) is granted.   The court has reviewed the motion and the additional authority offered by the petitioner.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 16th day of December, 2011, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge